The HOME INDEMNITY COMPANY,
Petitioner,

v.

Barbara A. STILLWELL, Respondent,

and

R. E. Lee Electric Company, Respondent,

and

Heyl & Patterson International, Inc., Respondent,

and

Travelers Insurance Company, Respondent.

No. 77–3136.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 21, 1979.

Decided May 1, 1979.

Joseph F. Manes, Croton-on-Hudson, N. Y., for petitioner.

Ronald E. Meisburg, Gen. Counsel, Benefits Review Bd., U. S. Dept. of Labor, Washington, D. C., Jack J. Garris, Garris & Garris, Ann Arbor, Mich., for respondents.

Harold A. Siegel, Greenbelt, Md., for R. E. Lee Electric Co.

Daniel M. Curtin, Strassburger & McKenna, Pittsburgh, Pa., for Heyl & Patterson.

James F. Jordan, Carr, Jordan, Coyne & Savits, Thomas Pace, Washington, D. C., for Travelers Ins. Co.

Before CELEBREZZE, KEITH and MERRITT, Circuit Judges.

CELEBREZZE, Circuit Judge.

This case is before the court on a petition to review a decision of the Benefits Review Board of the Department of Labor (Board). The Board's decision affirmed a decision and order of an administrative law judge (ALJ) finding petitioner, The Home Indemnity Co., liable for death benefits under the provisions of the Longshoremen's and Harbor Workers' Compensation Act[1] made applicable in the present case by the Defense Base Act.[2] For the reasons stated below, this court is without jurisdiction to review the present case and accordingly, the petition for review must be dismissed.

On December 9, 1970, Heyl & Patterson International, Inc. (Heyl) entered into a contract with the United States Navy for the installation of an electrical power system at the United States Naval Base, Guantanamo Bay, Cuba. The agreement contained a clause requiring Heyl to provide workmen's compensation for its employees as is required by the Defense Base Act and to contractually require any subcontractor to provide workmen's compensation insurance for its employees. Heyl provided coverage for its workers through the Travelers Insurance Company.

On May 11, 1971 Heyl entered into a subcontract with the Robert E. Lee Electric Company (Lee) for the completion of a portion of the work at Guantanamo Bay. The decedent, Jackie J. Stillwell, was an employee of Lee and assigned to work on the project at Guantanamo Bay. On July 25, 1973, Jackie J. Stillwell received a high voltage shock while working on the Guantanamo Bay project and died as a result thereof the following day. Lee secured workmen's compensation coverage through the petitioner, Home Indemnity.

The decedent's widow, respondent Barbara A. Stillwell, filed a timely claim for death benefits under the provisions of the Longshoremen's Act made applicable instantly by the Defense Base Act. Home Indemnity denied liability for the claim asserting that it did not provide Lee with insurance coverage for Guantanamo Bay. The matter was submitted to an ALJ for a formal hearing in accordance with 33 U.S.C. § 919(b). The ALJ found that Home Indemnity, through the representations of its authorized agent, did provide insurance coverage for Lee's work at Guantanamo Bay and that Home Indemnity was primarily liable for the payment of benefits to Mrs. Stillwell. The ALJ also found Travelers Insurance Co. secondarily liable for the benefits claim.

Home Indemnity and Travelers Insurance Co. appealed from the ALJ decision to the Benefits Review Board pursuant to 33 U.S.C. § 921(b)(3). The Board affirmed the decision of the ALJ finding Home Indemnity liable for the payment of benefits, but reversed the finding that Travelers Insurance Co. was secondarily liable for the benefits claim. Home Indemnity seeks review in this court of the Board's decision pursuant to 33 U.S.C. § 921(c).

From an exacting review of the jurisdictional statutes involved and the interrelationship of the Longshoremen's Act with the Defense Base Act, it becomes apparent we do not have jurisdiction.

The Longshoremen's Act was enacted by Congress in 1927 for the purpose of insuring that every person engaged in maritime employment received workmen's compensation coverage. The Act provides that the employer is responsible for securing the payment of compensation payable under the Act to its employees.[3] In 1941 Congress enacted the Defense Base Act. The Defense Base Act makes applicable the provisions of the Longshoremen's Act, with certain modifications, to a number of employment relationships, including work per-

1. 33 U.S.C. §§ 901–50. Hereinafter "Longshoremen's Act."

2. 42 U.S.C. §§ 1651–54. Hereinafter "Defense Base Act."

3. 33 U.S.C. § 904.

formed upon the United States Naval Base, Guantanamo Bay, Cuba.[4]

One of the modifications of the Longshoremen's Act made by the Defense Base Act concerns judicial review of compensation orders. 42 U.S.C. § 1653(b) governs judicial review of compensation orders under the Defense Base Act and provides:

Judicial proceedings provided under sections 18 and 21 of the Longshoremen's and Harbor Workers' Compensation Act in respect to a compensation order made pursuant to this chapter *shall be instituted in the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved if his office is located in a judicial district*, and if not so located, such judicial proceedings shall be instituted in the judicial district nearest the base at which the injury or death occurs.

(Emphasis added.)

The above statute is unambiguous and it clearly requires judicial proceedings to review a compensation order made pursuant to the Defense Base Act to be conducted in the United States district court of the judicial district where the office of the appropriate deputy commissioner is located. The Defense Base Act does not provide for direct review of compensation orders in the court of appeals.[5]

Prior to 1972 judicial review of compensation orders under the Defense Base Act and the Longshoremen's Act was properly sought in the appropriate district court.[6]

4. 42 U.S.C. § 1651 provides in pertinent part:

(a) Except as herein modified, the provisions of the Longshoremen's and Harbor Workers' Compensation Act, approved March 4, 1927 (44 Stat. 1424), as amended, shall apply in respect to the injury or death of any employee engaged in any employment—

(1) at any military, air, or naval base acquired after January 1, 1940, by the United States from any foreign government; or

(2) upon any lands occupied or used by the United States for military or naval purposes in any Territory or possession outside the continental United States (including the United States Naval Operating Base, Guantanamo Bay, Cuba; and the Canal Zone); or

(3) upon any public work in any Territory or possession outside the continental United States (including the United States Naval Operating Base, Guantanamo Bay, Cuba; and the Canal Zone), if such employee is engaged in employment at such place under the contract of a contractor (or any subcontractor or subordinate subcontractor with respect to the contract of such contractor) with the United States; but nothing in this paragraph shall be construed to apply to any employee of such a contractor or subcontractor who is engaged exclusively in furnishing materials or supplies under his contract;

5. In response to respondents' motion to dismiss this appeal for a lack of jurisdiction, counsel for petitioner cited this court to 42 U.S.C. § 1653 as controlling the jurisdictional question. Counsel cited the statute in the following manner:

§ 1653, 42 U.S.C. (B) provides in part that "Judicial proceedings provided in Sections 18 and 21 of 33 U.S.C. § 901 et seq. in respect to a compensation order made pursuant to this

Act, shall be instituted in the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved"————.

The statute correctly reads as follows:

Judicial proceedings provided under sections 18 and 21 of the Longshoremen's and Harbor Workers' Compensation Act in respect to a compensation order made pursuant to this chapter shall be instituted in the *United States district court* of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved if his office is located in a judicial district, and if not so located, such judicial proceedings shall be instituted in the judicial district nearest the base at which the injury or death occurs. (Emphasis added.)

Counsel failed to cite that portion of the statute referring to "the United States district court." Counsel also failed to indicate, through the use of an ellipisis or other means, the omission in the citation. *Cf.* DR7–102(A)(5); DR7–106(B)(1) ABA Code of Professional Responsibility.

6. *Compare* 42 U.S.C. § 1653(b) *with* the prior version of 33 U.S.C. § 921(c). The prior version of 33 U.S.C. § 921(c) provided in pertinent part:

If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District).

Pub.L.No.69–803 § 21(b), 44 Stat. 1436 (1927).

In 1972 Congress amended the Longshoremen's Act to its current form creating another level of administrative review, the Benefits Review Board,[7] and providing for direct review of the Board's decisions in the court of appeals.[8] Congress did not, however, whether through legislative oversight or intent, amend the judicial review provisions of the Defense Base Act. Accordingly, we are bound to apply the current statutory scheme until Congress dictates otherwise.

Petitioner's reliance on 33 U.S.C. § 921(c) as authority for the existence of jurisdiction in this court to review the instant petition is misplaced for two reasons. First, § 921(c) is the judicial review provision of the Longshoremen's Act and it is not applicable to the present claim brought under the auspices of the Defense Base Act. 42 U.S.C. § 1653(b) governs judicial review of Defense Base Act claims. Further, from a reading of the statute it becomes clear that § 921(c) is inapplicable to the case at bar. Section 921(c) provides that "any person adversely affected or aggrieved by a final order of the Board may obtain review of that order in the United States court of appeals for the circuit in which the injury occurred . . . ." Guantanamo Bay, Cuba, is not included in any judicial circuit. More particularly, for our purposes, Guantanamo Bay is not in the Sixth Circuit. Therefore, if we apply § 921(c) as the petitioner suggests, judicial review of the case in any forum may be foreclosed.

Under the current statutory scheme the compensation order in the present case is reviewable in the appropriate United States district court pursuant to 42 U.S.C. § 1653(b). Accordingly, the petition for review is dismissed.[9]

7. 33 U.S.C. § 921(b).

8. 33 U.S.C. § 921(c), as amended in 1972:
   Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within

sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.

9. In light of our disposition of this case on jurisdictional grounds, we render no opinion on the merits of the petition for review.