Paul E. RAWLINS, Petitioner,

v.

NATIONAL TRANSPORTATION SAFE-TY BOARD and T. Allan McArtor, Administrator of the Federal Aviation Administration, Respondents.

No. 87–4552
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1988.

**1328**

Michael L. Slack, Austin, Tex., for petitioner.

Peter J. Lynch, Federal Aviation Admin., Office of the Chief Counsel, Karen R. Bury, Asst. Gen. Counsel, and John M. Stuhldreher, Gen. Counsel, Washington, D.C., for respondents.

Before GEE, GARWOOD, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Responding to petitioner's appeal from an order of the National Transportation Safety Board revoking his commercial pilot's license, we affirm that § 609(c) of the Federal Aviation Act, 49 U.S.C. § 1429(c), mandates this severe penalty for pilots who have knowingly trafficked in drugs.

In December 1985, Paul Rawlins piloted a Cessna 210 from Belize, Central America to Houston, Texas. The flight ended in a crash near Houston Hobby Airport. It is undisputed that petitioner knowingly carried a cargo of approximately 750 pounds of marijuana. Rawlins was subsequently convicted in the Southern District of Texas of conspiracy to violate narcotic laws (in violation of 21 U.S.C. § 846); possession with intent to distribute marijuana (in violation of 21 U.S.C. § 841(a)(1)); and importation of marijuana (in violation of 21 U.S.C. § 952 and 21 U.S.C. § 960(b)). These violations carry penalties of imprisonment in excess of one year. Rawlins was sentenced to a suspended sentence and given five years probation with supervision on each count.

Subsequently, the Administrator of the FAA advised the petitioner of the revocation of his commercial pilot's license, and further ordered that no application for a new certificate be made for five years. Rawlins appealed this order to the National Transportation Safety Board, and the order was thereupon filed as the FAA Administrator's complaint.[1] A hearing was convoked before an NTSB administrative judge who received stipulated findings that revocation of petitioner's pilot certification would have an adverse economic impact, since he derives his livelihood from flying, and that Rawlins cooperated with the FAA in its investigation. Nevertheless, the ALJ advised Rawlins that § 609(c) precluded consideration of any sanction other than revocation. The ALJ then confirmed the order revoking Rawlins commercial pilot certificate pursuant to § 609(c). Petitioner appealed, again unsuccessfully, to the NTSB.

**1.** The rather complex administrative procedure followed in this case is prescribed in 49 U.S.C.

Rawlins, on appeal to this Court[2], argues that the NTSB erred in holding that in certification actions governed by § 609(c), the Administrator is precluded from considering any sanction less severe than revocation. He contends further that such an interpretation deprives certificate holders of constitutional due process. We reject petitioner's argument for the following reasons.

■■■ The language of § 609(c)(1) is mandatory in stating that "[t]he Administrator *shall* issue an order revoking the airman certificate of any person upon conviction ... of a crime punishable by ... imprisonment for a term exceeding one year under State or Federal law relating to a controlled substance." (Emphasis added). Because the language of the statute is plain, we may not modify it by judicial construction. The legislative history only confirms that § 609(c) "[r]equires the Administrator to revoke an airman certificate ..." if a pilot is convicted of violating drug trafficking laws. H.R.Conf.Rep. No. 1085, 98th Cong., 2d Sess. 8, *reprinted in* 1984 U.S. Code Cong. & Ad. News 3916, 3921.

Moreover, the structure of enforcement under § 609 reinforces our conclusion that § 609(c) calls for an all-or-nothing sanction. Under § 609(c)(3), the NTSB may only affirm or reverse the Administrator's order of revocation. By contrast, broader powers have been assigned to the regulatory authorities under § 609(a), which permits the NTSB to amend, modify or reverse the Administrator's order amending, suspending, modifying or revoking an airman certificate if "safety in air commerce or air transportation and the public interest requires ..." 49 U.S.C. § 1429(a). Congress obviously determined that a harsh penalty was the only advisable response to drug trafficking violations by FAA-certified pilots.

Against the compelling language and structure of the statute, Rawlins suggests his own interpretation based on the language of § 609(c)(3) that affords an airman the opportunity to "be heard as to why such a certificate should not be revoked". This language, however, refers only to the airman's opportunity to contest the facts underlying the FAA order of revocation, rather than the degree of sanction. Section 609(c)(3), consistently with our interpretation, provides that the NTSB "shall not be bound by [the FAA's] findings of *fact*" (emphasis added). More significantly, the very language quoted by Rawlins admits of only one possible sanction, license revocation. The quoted language would in fact make no sense *if* Congress had permitted a lesser sanction than revocation, for it would then unreasonably limit a petitioner's opportunity for a hearing only to revocation orders. Construing this language in § 609(c)(3) does not assist petitioner.

■■ Because Congress has mandated license revocation when certain facts have been established, we find no due process violation as posited by Rawlins. He had the opportunity to contest the facts pertinent to § 609(c)(1) and FAA regulations promulgated thereunder with his attorney present in a hearing before the administrative law judge. He does not question the adequacy of the hearings or the factfinding process. Consequently, the NTSB had no alternative but to revoke his pilot certification.

As the NTSB correctly determined that it did not have the discretionary power to consider any mitigating factors, we need not address Rawlins' argument for mitigation.

The decision of the NTSB is AFFIRMED.

§ 1429(c)(3).

**2.** We have appellate jurisdiction over final orders of NTSB pursuant to 49 U.S.C. § 1486(a) and 49 U.S.C. § 1903(a)(9).