999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael PERETTI, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD FEDERAL AVIATION
ADMINISTRATION, Respondent.
 No. 92-9562.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 After examining the briefs and administrative record, this panel has determined unanimously that oral argument would not materially assist the determination of this proceeding. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is a petition for review of an order of the National Transportation Safety Board (NTSB). Our jurisdiction over the proceeding is established by 49 U.S.C. app. § 1486(a) (Federal Aviation Act of 1958) and § 1903(d) (Independent Safety Act of 1974). Rawlins v. NTSB, 837 F.2d 1327, 1329 n. 2 (5th Cir.1988); Ferguson v. NTSB, 678 F.2d 821, 824 (9th Cir.1982).
 
 
 3
 In October 1989, the Federal Aviation Administration (FAA) suspended petitioner's airline transport pilot certificate for thirty days as a result of an incident in which he allegedly deviated from an acknowledged runway clearance, in violation of FAA regulations. R. at 1-2. Following an evidentiary hearing, at which adverse testimony from flight engineer Arlene Westermeyer was taken by telephone over petitioner's objection, the administrative law judge (ALJ) affirmed the suspension. Id. at 157. Ms. Westermeyer, a member of petitioner's crew during the runway incident, resided in South Carolina and was in an advanced stage of pregnancy when the administrative hearing was held in Denver, Colorado. Petitioner appealed to the NTSB solely on the ground that this procedure violated his Sixth Amendment right of confrontation because he was denied the opportunity to cross-examine the flight engineer face-to-face before the ALJ. Id. at 161-66, 227. The NTSB affirmed, id. at 229, and this petition for review followed.
 
 
 4
 Consistent with the position he has maintained throughout these proceedings, petitioner asks this court to resolve only one question: "Did the [NTSB] deny Petitioner his right under the Constitution of the United States, Amend. VI, to be confronted with the witnesses against him by permitting a key witness to testify by telephone?" Pet.Opening Brief at 1-2. This constitutional issue is cognizable under the judicial review provision of the Administrative Procedures Act, specifically, 5 U.S.C. § 706(2)(B) (review of agency action contrary to constitutional right), which is expressly incorporated into the present context by 49 U.S.C. app. § 1903(d). See Blackman v. Busey, 938 F.2d 659, 661 (6th Cir.1991); Chritton v. NTSB, 888 F.2d 854, 856 (D.C.Cir.1989). Exercising de novo review, see Hill v. NTSB, 886 F.2d 1275, 1278 (10th Cir.1989); Western Energy Co. v. United States Dep't of Interior, 932 F.2d 807, 809 (9th Cir.1991), we affirm the order of the NTSB.
 
 
 5
 By its own unequivocal terms, the constitutional right of confrontation applies only "[i]n all criminal proceedings," U.S. Const. amend. VI (emphasis added). It is, therefore, not applicable in the present administrative, i.e., civil, context. See Hannah v. Larche, 363 U.S. 420, 440 n. 16 (1960); see, e.g., Rosenthal v. Justices of Supreme Court of Cal., 910 F.2d 561, 565 (9th Cir.1990), cert. denied, 111 S.Ct. 963 (1991); Schultz v. Wellman, 717 F.2d 301, 307 (6th Cir.1983); see also SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 742 (1984) (holding confrontation clause inapplicable to administrative investigation until initiation of criminal proceedings); cf. United States v. Parcel of Real Property Known as 6109 Grubb Rd., 886 F.2d 618, 622 (3d Cir.1989) (holding confrontation clause inapplicable to forfeiture proceedings, which are deemed civil in nature). The case petitioner primarily relies on for invoking a constitutional right of confrontation in this context, Greene v. McElroy, 360 U.S. 474 (1959), only discusses these procedural protections in connection with the due process clause. See id. at 492.
 
 
 6
 Accordingly, the administrative proceedings leading to the temporary suspension of petitioner's pilot's license could not and did not transgress Sixth Amendment prescriptions regarding confrontation of witnesses. We note that this court has once before approved, in a more compelling constitutional context, the admission of testimony be telephone. See United States v. Sunrhodes, 831 F.2d 1537, 1543-44 (10th Cir.1987) (holding telephonic testimony at criminal restitution hearing--in which "the full demands of the Confrontation Clause do not apply"--constitutionally permissible where witness subject to immediate cross-examination by defense counsel).
 
 
 7
 The order of the National Transportation Safety Board is AFFIRMED.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3