ITT BASE SERVICES and INA/CIGNA, Petitioners–Appellants,

v.

Whit L. HICKSON and Director, Office of Workers' Compensation Programs, Respondents–Appellees.

No. 96–9329.

United States Court of Appeals, Eleventh Circuit.

Sept. 18, 1998.

Elisa A. Roberts, Atlanta, GA, for Petitioners–Appellants.

Ralph R. Lorberbaum, Eric R. Gotwalt, Savannah, GA, Laura J. Stomski, Office of the Solicitor, U.S. Dept. of Labor, Washington, DC, for Respondents–Appellees.

Before CARNES and MARCUS, Circuit Judges, and MILLS*, Senior District Judge.

MILLS, Senior District Judge:

This is a petition for review of a final order of the United States Department of Labor Benefits Review Board.

We conclude that we lack jurisdiction and therefore do not reach the substantive issues on appeal.

Instead, we transfer this action to the United States District Court for the Middle District of Florida.

I

Petitioner ITT Base Services (ITT) is a contractor for the United States Navy. Respondent Whit L. Hickson (Claimant) worked for ITT on and off for approximately twenty years before he left in August 1990. In 1986, Claimant worked for ITT as an Operations Manager at the United States Naval Base on Midway Island. His duties included the daily operation and maintenance of the base for the United States Navy.

On March 22, 1986, Claimant was involved in a boat accident during the course of his employment. The accident occurred about three miles off Midway Island when the tugboat he was on sank after colliding with a nuclear submarine. Claimant spent approximately one hour in cold, shark-infested water before he was rescued. Shortly after the accident, Claimant returned to work at ITT and continued working there until August 1990.

On August 28, 1990, Claimant filed a claim for permanent total disability benefits under the Defense Base Act, see 42 U.S.C. §§ 1651 et seq., against ITT and CIGNA Insurance Company, ITT's insurance carrier (collectively "the Employer"). Claimant alleged that he suffered from disabling physical and psychological injuries as a result of the 1986 boat accident. The Employer disputed the nature and extent of Claimant's disability, as well as the causal link between his injuries and the boating accident. The Employer also claimed entitlement to relief from liability pursuant to section 8(f) of the Longshore and Harbor Workers' Compensation Act. See 33 U.S.C. § 908(f) (as incorporated by the Defense Base Act at 42 U.S.C. 1651(a)). The matter was referred to an administrative law judge (ALJ) for the United States Department of Labor and a hearing was held on March 23, 1994.

On November 29, 1994, the ALJ entered a Decision and Order awarding Claimant permanent total disability benefits. The ALJ found that Claimant's psychological injury occurred as a result of the 1986 boat accident.[1] The ALJ also concluded that the Employer was not entitled to relief from liability under section 8(f).

The Employer appealed the ALJ's decision to the Benefits Review Board (Board), contesting the causal finding and the denial of section 8(f) relief. On September 12, 1996, the Board deemed the ALJ's Decision and Order affirmed by operation of law pursuant to the automatic affirmance provision of the Omnibus Consolidated Rescissions and Appropriations Act of 1996.[2]

On November 12, 1996, the Employer filed a petition for review to this Court.

---

* Honorable Richard Mills, Senior U.S. District Judge for the Central District of Illinois, sitting by designation.

1. Claimant suffers from post-traumatic stress disorder.

2. The automatic affirmance provision of this act states that appeals pending before the Board for more than one year shall be deemed affirmed and final on September 12, 1996, if the Board has not acted on it by that date. See Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, Title I, § 101(d), 110 Stat. 1321, 1321–219 (April 26, 1996) (codified at 33 U.S.C.A. § 921 note (West Supp. 1998)).

## II.

Claimant has filed a motion to dismiss the petition for review for lack of jurisdiction, arguing that the Employer should have appealed initially to the United States District Court for the Middle District of Florida. The Employer and the Director of the Office of Workers' Compensation Programs (the Director) contend that we do have jurisdiction, but argue that even if we do not, we should transfer rather than dismiss this case.

We examine jurisdiction first.

## A.

Two statutes are relevant to the jurisdictional inquiry: the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901, *et seq.* (LHWCA), and the Defense Base Act, 42 U.S.C. § 1651, *et seq.* (DBA). Congress enacted the LHWCA in 1927 to provide workers' compensation coverage to certain maritime employees. *Home Indemnity Co. v. Stillwell,* 597 F.2d 87, 88 (6th Cir.1979). Congress subsequently enacted the DBA in 1941 to extend the workers' compensation coverage of the LHWCA to employees working on air, military, and naval bases outside the continental United States. *See* 42 U.S.C. § 1651(a). For the most part, claims arising under the DBA are governed by the same provisions as claims arising directly under the LHWCA because the DBA incorporates by reference the provisions of LHWCA. *Id.* However, the DBA's general incorporation provision also states that when the provisions of the DBA modify those of the LHWCA, the DBA controls.[3]

The DBA and LHWCA each contain a provision dealing with judicial review of workers' compensation orders. Before 1972, both provisions provided for initial judicial review in the United States district courts. The LHWCA provided for judicial review "in the federal district court for the judicial district in which the injury occurred." 33 U.S.C. § 921(b) (1970 ed.). Under the DBA, however, an injury would almost never occur "in" a judicial district because the DBA generally applies only to injuries occurring overseas. *See* 42 U.S.C. § 1651(a). Accordingly, section 3(b) of the DBA also provides for judicial review in the district courts, but in the "judicial district wherein is located the office of the deputy commissioner whose compensation order is involved ... [or] in the judicial district nearest the base at which the injury or death occurs." 42 U.S.C. § 1653(b).

In 1972, Congress amended the judicial review provision of the LHWCA. As part of a massive overhaul of the LHWCA's administrative and judicial review procedures, Congress provided for initial judicial review of compensation orders in the federal courts of appeal rather than the federal district courts.[4] For whatever reason, however, Congress did not concurrently amend the provision of the DBA which specifically modified the LHWCA's judicial review provision. Thus, while judicial review in all cases originating under the LHWCA now begins in the federal courts of appeal, the DBA continues to provide for judicial review in the "district court" of the appropriate judicial district. 42 U.S.C. § 1653(b).

Because this case arises directly under the DBA, rather than the LHWCA, we must determine whether judicial review of DBA claims begins in the circuit courts or the district courts. Claimant contends that the plain language of the DBA continues to require judicial review of DBA compensation orders to proceed initially in the district courts. The Director and the Employer argue that the DBA's general incorporation provision adopts amended section 21(c) of the LHWCA, placing initial judicial review of DBA claims in the circuit courts.

This issue has divided the circuits. *See Lee v. Boeing Company, Inc.,* 123 F.3d 801, 805 (4th Cir.1997) (holding that judicial review of compensation orders arising under the DBA begins in the district courts);

---

**3.** Section 1 of the DBA provides: *"Except as herein modified,* the provisions of the Longshore and Harbor Workers' Compensation Act, ... as amended ..., shall apply in respect to the injury or death of any employee engaged in any [covered] employment." 42 U.S.C. § 1651(a) (emphasis added).

**4.** Section 21(c) of the LHWCA now provides that "[a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred...." *See* 33 U.S.C. § 921(c).

*AFIA/CIGNA Worldwide v. Felkner,* 930 F.2d 1111, 1116 (5th Cir.1991) (same); *Home Indemnity Company v. Stillwell,* 597 F.2d 87, 89–90 (6th Cir.1979) (same); *Pearce v. Director, OWCP,* 603 F.2d 763, 770–71 (9th Cir.1979) (holding that judicial review of compensation orders arising under the DBA begins in the courts of appeal). *See also Pearce v. Director,* 647 F.2d 716, 721 (7th Cir.1981) (apparently expressing approval for the Ninth Circuit's holding in *Pearce,* 603 F.2d 763).

█ We now join the majority of circuits to have addressed the issue and hold that judicial review of compensation orders arising under the DBA must be commenced in the district courts. Our conclusion is dictated by the unambiguous language of the DBA. Section 3(b) of the DBA provides that in DBA cases, judicial proceedings *"shall* be instituted in the United States district court" of the appropriate judicial district. 42 U.S.C. § 1653(b) (emphasis added). The mandate of this provision does not allow us to apply the flatly inconsistent language of the LHWCA's amended section 21(c), which provides for judicial review in the courts of appeal. Accordingly, we reject the holding of the Ninth Circuit which found that the DBA "adopted" the amendments to LHWCA's section 21(c). *Pearce,* 603 F.2d at 770. The DBA incorporates the provisions of the LHWCA, but only to the extent that they are consistent with the DBA's own provisions.[5]

█ The Director argues that the reading we adopt today will create an unintended disparity between the judicial review procedures of the LHWCA and those of the DBA. The Director maintains that Congress intended the 1972 amendments to remove dis-

trict court jurisdiction uniformly in cases arising under the LHWCA and all of its extensions, including the DBA. But we cannot speculate about what Congress' intent might have been when faced with the unambiguous language of a statute. *See Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("When the words of the statute are unambiguous ... judicial inquiry is complete.") (internal quotations omitted). If the LHWCA and the DBA are "out of synch," then the problem must be addressed by Congress, not by this Court through judicial legislation. *See AFIA/CIGNA,* 930 F.2d at 1116–17 ("As the language of the DBA is free from ambiguity, jurisprudential modification of its plain statutory language would amount to judicial legislation.... [I]t is not our function to correct Congressional oversight."). *Cf. Director, OWCP v. Newport News Shipbuilding and Dry Dock Company,* 514 U.S. 122, 142, 115 S.Ct. 1278, 131 L.Ed.2d 160 (1995) (Ginsburg, J., concurring) (acknowledging that the 1972 amendments created an unintended disparity between the LHWCA and the Black Lung Benefits Act but stating that only Congress could correct the oversight).

Reading the plain language of the statute, we conclude that we lack jurisdiction over the instant petition for review.

### B.

█ We now reach the Employer's alternative argument: that if we find jurisdiction lacking, we should transfer this case to the appropriate district court pursuant to 28 U.S.C. §§ 1631. That section provides:

---

**5.** The Director argues that our conclusion would require us to find that this case is still pending before the Board. The argument proceeds as follows. If the 1972 amendments to the LHWCA's judicial review provision do not apply in DBA cases, then by the same reasoning, the automatic affirmance provision of the Omnibus Consolidated Rescissions and Appropriations Act of 1996 (Appropriations Act), *see supra* note 3 and accompanying text, does not apply either. And if the automatic affirmance provision does not apply, then the Board's decision could not have become final by operation of law.

We disagree. The Director's argument ignores the operation of the DBA's general incorporation

provision. *See* 42 U.S.C.A. § 1651(a). Pursuant to this provision, the LHWCA *always* applies in DBA cases unless its provisions are specifically modified by the DBA (as in the case of the LHWCA's judicial review provision). *Id.* Nothing in the DBA modifies the procedures governing the finality of the Board's administrative orders. In fact, the DBA contains no provisions that modify any of the administrative review procedures set forth in the LHWCA. *Lee,* 123 F.3d at 804; *AFIA/CIGNA,* 930 F.2d at 1113. We therefore conclude that the automatic affirmance provision applies in DBA cases just as it does in LHWCA cases.

Whenever ... an appeal, including a petition for review of administrative action, is noticed for or filed with ... a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such ... appeal to any other such court in which the ... appeal could have been brought at the time it was filed or noticed, and the ... appeal shall proceed as if it had been filed or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. In *Lee v. Boeing*, the Fourth Circuit transferred a DBA appeal to the appropriate district court pursuant to this section after reaching the same jurisdictional conclusion that we have just reached above. *See Lee*, 123 F.3d at 808 (transferring petition for review to United States District Court for the District of Maryland). The court found the transfer in the "interests of justice" because the Board had incorrectly directed the petitioner to bring his appeal in a circuit court. *Id.* at 807–808.

We find the Fourth Circuit's reasoning persuasive and apply it here. Like the petitioner in *Lee*, the Employer "filed [its] petition for review of the Board's decision in the wrong court for very understandable reasons." *Lee*, 123 F.3d at 808. The Board's final order indicated that aggrieved parties should bring appeals in the United States courts of appeal. Any appeal to the appropriate district court would probably be time-barred if we were to dismiss this case.

Accordingly, we find that a transfer would be in the "interests of justice." Pursuant to 28 U.S.C. § 1631, we transfer this action to the United States District Court for the Middle District of Florida.[6]

6. The DBA provides that judicial review of compensation orders "shall be instituted in the United States district court of the judicial district wherein is located the office of the deputy commissioner [or district director (the new regulatory term for a deputy commissioner, *see* 20 C.F.R. §§ 701.301(a)(7), 702.105)] whose compensation order is involved...." 42 U.S.C. § 1653(b). This case was transferred at the administrative level pursuant to section 19(g) of

### III.

For the foregoing reasons, we conclude that we lack jurisdiction to consider the Employer's petition for review. We nevertheless deny Claimant's motion to dismiss. Instead of dismissing the petition for review, we transfer it to the United States District Court for the Middle District of Florida.

TRANSFERRED.

the LHWCA from the office of the Hawaiian district director to the office of the district director in Jacksonville, Florida. Accordingly, the office of the district director "whose compensation order is involved," is located in the Middle District of Florida.

