[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14663
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:99-cr-08078-WPD-1

UNITED STATES OF AMERICA,

Petitioner-Appellee,

versus

WILLIAM ANDREW KINSEY, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 6, 2011)

Before EDMONDSON and WILSON, Circuit Judges, and KRAVITCH, Senior Judge.

PER CURIAM:

William Andrew Kinsey, III, appeals the district court's order (1) dismissing

his motion for clarification for lack of jurisdiction and (2) declining to transfer his

case to a proper district under 28 U.S.C. § 1631.  On appeal, Kinsey raises several arguments relating to the merits of the § 2241 habeas petition he originally filed in the district court.  However, because the district court lacked jurisdiction to hear the merits of his claim, the only issue before this Court is whether the district court erred by failing to transfer Kinsey's case to the proper district.

We review for abuse of discretion a district court's decision not to transfer a case to another district due to a lack of jurisdiction.  *Dobard v. Johnson*, 749 F.2d 1503, 1507 n.8 (11th Cir. 1985).  If a person files an action in the district court but the court lacks jurisdiction over the case, the court shall transfer the case to a proper court "if it is in the interest of justice."  § 1631.  While we have not defined precisely what the "interest of justice" means in the context of a § 1631 transfer, one important factor is whether a denial of a transfer would effectively bar the plaintiff from relief in the proper court.  *See ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1276 (11th Cir. 1998) (holding that a transfer was "in the interests of justice" because, without the transfer, an appeal to the appropriate district court would "probably be time-barred"); *see also Slatick v. Dir., Office of Workers' Comp. Programs*, 698 F.2d 433, 434–35 (11th Cir. 1983) (per curiam) (transferring a case to another court of appeals where denying the transfer would time-bar the litigant from filing a petition for review in the proper court).

"It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (per curiam) (quotation marks omitted). We conclude that Kinsey invited any error by the district court. Before dismissing Kinsey's § 2241 petition for lack of jurisdiction, the district court specifically requested input from the parties on whether it should transfer the case to a proper court. Kinsey responded by asking the court to assume jurisdiction and to rule on the merits of his claim. He appeared to affirmatively argue against a transfer. Therefore, Kinsey induced the court into denying the transfer and waived his right to challenge that decision on appeal.

In any event, the interests of justice did not warrant a transfer because, after the court's dismissal, nothing prevented Kinsey from filing his § 2241 petition in the proper district. Accordingly, the district court did not abuse its discretion in declining to transfer Kinsey's petition.[1]

**AFFIRMED.**

---

[1] Kinsey moved this Court for a stay, pending appeal, of the Bureau of Prison's withholding of his income for purposes of restitution. We note that Kinsey's appeal does not concern the merits of his restitution claim and its outcome would not have affected the withholding of payments. In any event, the question is moot because this appeal has been resolved.