O’SCANNLAIN, Circuit Judge,
specially concurring:
I agree with the Court that the Board of Review properly upheld the ALJ’s determination that DynCorp rebutted the presumption of compensability and that Compton’s injuries are not ultimately com-pensable. I also agree with the Court that binding circuit precedent in Pearce v. Dir., Office of Workers’ Comp. Programs, 603 F.2d 763, 770 (9th Cir. 1979), interprets the relevant statutes as granting us jurisdiction over Compton’s petition. I write separately to express my view that *554 Pearce’s, conclusion regarding our jurisdiction to entertain petitions for review under the Defense Base Act is mistaken and should be overruled. Instead, I believe statutory authority directs that jurisdiction over petitions such as Compton’s lies in the first instance with the federal district courts.
Compton’s petition proceeds via the Defense Base Act (“DBA”), 42 U.S.C. § 1651 et seq. The DBA provides workers’ compensation coverage for private employees working on military bases or other defense projects outside the United States by extending the provisions of the Longshore and Harbor Workers’ Compensation Act (“LHWCA”), 33 U.S.C. § 901 et seq. See AFIA/CIGNA Worldwide v. Felkner, 930 F.2d 1111, 1112-14 (5th Cir. 1991) (explaining the history of the DBA). Specifically, the DBA provides that the provisions of the LHWCA “as amended, shall apply” to employees covered under the DBA “[e]x-cept as herein modified.” 42 U.S.C. § 1651(a).
As originally enacted, both the LHWCA and the DBA lodged review of compensation awards in federal district courts, but differed as to the specific district court to which a party ought to petition. The LHWCA provided that compensation orders issued under the Act could be challenged by lodging a petition “in the federal district court for the judicial district in which the injury occurred.” 33 U.S.C. § 921(b) (1970). The DBA stated that “[jjudicial proceedings provided under section 18 and 21 of the [LHWCA] ... in respect to a compensation order made pursuant [to the DBA] shall be instituted in the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved — ” 42 U.S.C. § 1653(b). In other words, the LHWCA specified that petitions should be brought to the district court associated with the site of the injury, while the DBA directed petitioners to the district court associated with the relevant deputy commissioner.
Confusion arose when Congress amended the LHWCA in 1972. That amendment to Section 21 of the LHWCA created the Benefits Review Board, and lodged review in the courts of appeals over compensation orders concerning individuals engaged in maritime employment: “Any person adversely affected ... by a final order to the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred.” 33 U.S.C. § 921(c). However, Congress did not amend the companion section of the DBA. Thus, that section continues to read: “Judicial proceedings provided under section 18 and 21 of the [LHWCA] ... in respect to a compensation order made pursuant [to the DBA] shall be instituted in the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved.” 42 U.S.C. § 1653(b) (emphasis added). It is undisputed that jurisdiction over Compton’s petition is conferred by § 1653(b). Yet by its plain terms, that provision states that Compton should have petitioned to the district court, rather than our court. And indeed, no fewer than five circuits have relied on this plain language to conclude that courts of appeals lack jurisdiction to review DBA petitions. See ITT Base Servs. v. Hickson, 155 F.3d 1272, 1275 (11th Cir. 1998); Hice v. Dir., Office of Workers’ Comp. Programs, 156 F.3d 214, 218 (D.C. Cir. 1998) (dictum); Lee v. Boeing Co., 123 F.3d 801, 806 (4th Cir. 1997); Felkner, 930 F.2d at 1116; Home Indem. Co. v. Stillwell, 597 F.2d 87, 89 (6th Cir. 1979).
Our circuit is not one of these. In Pearce, we reasoned that although the § 1653(b) unequivocally lodges review of *555 DBA petitions in district courts, Congress silently “repealed” this unambiguous language by amending section 21 of the LHWCA and allowing review of LHWCA claims by the courts of appeal. 603 F.2d at 770. We speculated that because the original purpose of § 1653(b) was to provide an alternate means for identifying the proper reviewing court since many DBA claims originate overseas, Congress must have “inadvertently failed to amend” the DBA when it altered the LHWCA, and thus that we should ignore the phrase “district court” in § 1653(b). Id. at 769.
That is a highly dubious proposition. We do not have a “roving license ... to disregard clear language simply on the view that ... Congress ‘must have intended’ something broader.” Michigan v. Bay Mills Indian Cmty., — U.S. -, 134 S.Ct. 2024, 2034, 188 L.Ed.2d 1071 (2014). Section 1653(b) could not be clearer in vesting review over DBA petitions in “the United States district court.” 42 U.S.C. § 1653(b) (emphasis added). And if that plain language weren’t clear enough, § 1651 explicitly states that the DBA incorporates the LHWCA only insofar as the LHWCA accords with the DBA. See 42 U.S.C. § 1651 (stating that the LHWCA shall apply to the DBA “[e]xcept as herein modified”); see also Serv. Emps. Int’l, Inc. v. Dir., Office of Workers Comp. Program, 595 F.3d 447, 458 (2d Cir. 2010) (Cabruñes, J., dissenting) (observing that under § 1651 “to the extent that the language of the DBA and the Longshore Act are in conflict, the language of the DBA controls”). Even assuming Congress may have meant for DBA petitions to be directed to circuit courts as LHWCA claims now are, we “do not revise legislation ... just because the text as written creates an apparent anomaly.” Bay Mills, 134 S.Ct. at 2033. “If Congress enacted into law something different from what it intended, then it should amend the statute to conform to its intent.” Lamie v. U.S. Trustee, 540 U.S. 526, 542, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). Any other approach — and especially the one we employed , in Pearce — “aggrandizes judicial power and encourages congressional lassitude.” King v. Burwell, — U.S. -, 135 S.Ct. 2480, 2506, 192 L.Ed.2d 483 (2015) (Scalia, J., dissenting). In my view, neither vice needs any additional encouragement from us.
With these observations in mind, I concur in the Court’s decision.