**Larry HICE, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor and Electrospace Systems, Inc., Respondents.**

No. 97–1250.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 1, 1998.

Decided Sept. 29, 1998.

Benjamin T. Boscolo argued the cause and filed the brief for petitioner.

Samuel J. Oshinsky, Counsel, U.S. Department of Labor, argued the cause for respondent Director, OWCP. With him on the brief was Carol A. De Deo, Associate Solicitor.

Roy D. Axelrod argued the cause and filed the briefs for respondent Electrospace Systems, Inc.

Before: WALD, WILLIAMS and TATEL, Circuit Judges.

TATEL, Circuit Judge.

In search of a court with jurisdiction to hear his appeal from a Benefits Review Board decision denying him workers' compensation benefits for injuries sustained while working on a U.S. military base in Australia, petitioner first filed his appeal in the Ninth Circuit and now seeks to have his case heard here, arguing that we have jurisdiction because the administrative law judge who adjudicated his claim has his office in Washington, D.C. Because we hold that the location of the office of the District Director for the Office of Workers' Compensation Programs who handled petitioner's case—the District Director for Baltimore, Maryland—determines the proper forum to hear petitioner's appeal, and because Fourth Circuit precedent requires judicial review of Benefits Review Board decisions to occur first in district courts, we transfer this case to the U.S. District Court for the District of Maryland.

## I.

The jurisdictional issue presented here arises from the fact that the two statutes involved in this case contain different provisions for judicial review. The first of these statutes, the Longshore and Harbor Workers' Compensation Act of 1927, Act of Mar. 4, 1927, ch. 509, 44 Stat. 1424 (codified as amended at 33 U.S.C. §§ 901–950 (1994)), established a comprehensive workers' compensation program to provide medical, disability, and survivor benefits to longshoremen and their families for work-related injuries and death. *See* 33 U.S.C. §§ 902–904 (1970) (amended 1972). Under the program, injured workers filed claims with local deputy commissioners for the Office of Workers' Compensation Programs, who adjudicated disputes. *See id.* § 919. Dissatisfied claimants appealed to "the federal district court in which the injury occurred." *Id.* § 921(b).

Congress enacted the second statute involved in this case, the Defense Base Act of 1941, Act of Aug. 16, 1941, ch. 357, 55 Stat. 622 (codified as amended at 42 U.S.C. §§ 1651–1654 (1994)), in order to extend the benefits of the Longshore Act to individuals working on military bases outside the United States. Because nothing in the Longshore Act provided for either the filing of claims or the appeal of benefits determinations for injuries occurring outside of the country, section 3 of the Defense Base Act (1) authorized the Secretary of Labor to create compensation districts for all regions of the world and assign them to deputy commissioners throughout the United States, *see* 42 U.S.C. § 1653(a) (1994); 20 C.F.R. § 704.101 (1998), and (2) provided for judicial review "in the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved." 42 U.S.C. § 1653(b). As originally enacted, the two statutes worked together to provide for benefits determinations and judicial review for covered workers anywhere in the world. All appeals were heard by U.S. District Courts—for injuries occurring in the United States, appeals went to the district court for the district where the

injury occurred; for injuries occurring outside the United States, appeals went to the district court with jurisdiction over the deputy commissioner who issued the compensation order.

In 1972, Congress made two changes to the Longshore Act that created the jurisdictional issue at the heart of this case. First, it split the role of the deputy commissioner with respect to the handling of workers' compensation claims by transferring all hearing functions to administrative law judges. *See* Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, Pub.L. 92–576, § 14, 86 Stat. 1251, 1261 (codified at 42 U.S.C. § 919(d) (1994)). Second, it established the Benefits Review Board to hear administrative appeals of ALJ decisions and amended the judicial review provisions to provide that "[a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the *United States court of appeals for the circuit in which the injury occurred.*" Pub.L. 92–576, § 15(a), 86 Stat. 1251, 1261–62 (codified at 42 U.S.C. § 921(c) (1994)) (emphasis added).

For injuries occurring within the United States, the judicial review provisions of the amended Longshore Act remained unambiguous: A dissatisfied claimant now appealed adverse Benefits Review Board decisions to the U.S. Court of Appeals for the "circuit in which the injury occurred." But Congress made no corresponding change in the Defense Base Act, leaving workers injured outside the United States with some uncertainty about which courts had jurisdiction to hear their appeals. Would they still follow the plain language of section 3(b) of the Defense Base Act and take their cases to the district court "of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved"? Or in view of the 1972 amendments' transfer of adjudicatory authority to ALJs, would claimants appeal to the district court "wherein is located the office of the administrative law judge"? And did Congress really intend to create a dual scheme under which workers injured within the United States would appeal Benefits Review Board decisions direct-

ly to courts of appeals, while workers injured on military bases outside the country would appeal first to district courts, and then to courts of appeals? Or notwithstanding the 1972 amendments' use of the phrase "the circuit in which the injury occurred," did Congress actually intend to require even those injured outside the United States also to appeal directly to circuit courts?

Seven years ago petitioner Larry Hice suffered a heart attack while working on a military base in Australia for respondent Electrospace Systems, Inc. He filed his workers' compensation claim with the district director in Hawaii, who then transferred the case to the district director in Baltimore because that office was closest to Hice's U.S. residence. (The regulations implementing the Longshore Act have substituted the term district director for deputy commissioner. "The substitution is purely an administrative one, and in no way effects (sic) the authority of or the powers granted and the responsibilities imposed by the statute on that position." 20 C.F.R. § 702.105 (1998).)

The Baltimore District Director assigned Hice's case to an ALJ in Washington, D.C. Following a hearing, the ALJ denied Hice's claim. The Benefits Review Board, also in Washington, affirmed the ALJ's decision. Hice then sought judicial review of the Board's decision in the Ninth Circuit, presumably because that circuit's jurisdiction includes the office of the District Director of Hawaii, or perhaps because the Ninth Circuit is the circuit closest to Australia. Realizing that he had chosen the wrong forum for his appeal and emphasizing that the ALJ who decided his case had his office in the District of Columbia, Hice asked the Ninth Circuit to transfer his case either to the U.S. District Court for the District of Columbia or to this Court. The Ninth Circuit transferred the case here, relying on its decision in *Pearce v. Director, OWCP,* 603 F.2d 763 (9th Cir.1979), which said that judicial review of Defense Base Act claims lies in the circuit court with jurisdiction over the office of the district director "or administrative law judge whose compensation order is involved." *Id.* at 771.

The parties' original briefs in this Court focused exclusively on the merits of Hice's

claim. On our own motion, we directed the parties to brief the question whether the Defense Base Act requires transfer of this case to the U.S. District Court for the District of Columbia or to the U.S. District Court for the District of Maryland. *Hice v. Director, OWCP,* No. 97–1250 (D.C.Cir. Nov. 10, 1997). We also severed this jurisdictional question from the merits. *Hice v. Director, OWCP,* No. 97–1250 (D.C.Cir. Feb. 5, 1998).

## II.

■ In their briefs on the jurisdictional issue, all three parties argue that the 1972 amendments to the Longshore Act amended the Defense Base Act and now require that a court of appeals, not a district court, hear Hice's appeal even though his injuries were not sustained in the United States. Both Hice and Electrospace argue that this court should retain jurisdiction because the ALJ who heard Hice's case has his office in Washington, D.C. In his brief, the Director of the Office of Workers' Compensation Programs urges us to transfer the case to the Fourth Circuit because the office of the district director handling Hice's claim is in Baltimore.

■ We understand Hice and Electrospace would prefer to have this seven-year-old case resolved here and now. We also understand the Director's preference for a uniform system of judicial review under which review of both Longshore Act and Defense Base Act claims would occur only in courts of appeals. But we cannot quite so easily disregard the Defense Base Act's requirement that judicial review of claims under that act occur in the *"United States district court* of the judicial district wherein is located the office of the deputy commissioner [now district director] whose compensation order is involved." 42 U.S.C. § 1653(b) (1994) (emphasis added). Nothing in either the language or legislative history of the 1972 amendments to the Longshore Act suggests that Congress meant to amend section 3(b) of the Defense Base Act. Indeed, Congress's choice of the words "circuit in which the injury occurred" suggests that it did not intend the judicial review provisions of the amended Longshore Act to cover injuries occurring outside the United

States. For these reasons, and because Hice seeks benefits under the Defense Base Act, we think it best to begin with that act's jurisdictional provision. Given that the 1972 amendments shifted deputy commissioners' hearing authority to ALJs, we must determine whether the district director (in this case, the District Director for Baltimore) or the ALJ (in this case, with an office in Washington, D.C.) is, for all practical purposes, the deputy commissioner as provided in the original statute.

Relying on the Ninth Circuit's decision in *Pearce,* Hice and Electrospace argue that ALJs now stand in the shoes of deputy commissioners for the purpose of determining the proper court for judicial review. According to Electrospace, the ALJ, not the district director, decides the dispute as to compensation, and it is the ALJ's "compensation order [that] is involved." *Id.*

The Director argues that the 1972 transfer of hearing authority from deputy commissioners to ALJs had no effect on the Defense Base Act's requirement that benefits determinations be reviewed by the district court of the district "wherein is located the office of the deputy commissioner whose compensation order is involved." According to the Director, the location of the ALJ who decides a compensation claim is "utterly fortuitous" and "generally has no bearing on any aspect of the case." Director's Brief at 4. "The cite [sic] of the hearing is generally not the site of the ALJ's office. Indeed, ALJ's frequently travel nation-wide to hear cases." *Id.* In contrast, the Director points out, cases are assigned to the district director closest to the claimant's U.S. residence. Although the ALJ adjudicated the claim in this case, district directors issue compensation orders when no factual dispute exists between the parties. In every case, moreover, district directors file and serve compensation orders and retain continuing jurisdiction to resolve medical disputes that arise after initial adjudication of claims. *See* 33 U.S.C. §§ 907, 919(e). District directors also have authority to transfer claims to other districts "for the purpose of making investigation, taking testimony, making physical examination

or taking such other necessary action therein as may be directed." *Id.* § 919(g).

Though we owe the Director no *Chevron* deference on this jurisdictional issue, *see Ramey v. Bowsher*, 9 F.3d 133, 137 n. 7 (D.C.Cir.1993), we agree that the location of the office of the district director determines the proper forum for judicial review. Despite the transfer of adjudicative functions to ALJs, the Director has made a convincing case that district directors remain the officials in the Department of Labor primarily responsible for workers' compensation claims. To hold, as Hice and Electrospace urge, that jurisdiction travels with the ALJ who happens to hear a particular claim would add even more variability and uncertainty to the confusion surrounding judicial review under the Defense Base Act. We are aware that *Pearce* mentions the location of the ALJ's office as a possible basis for determining which court has jurisdiction, but we view that language as dictum because the compensation order in that case arose from a deputy commissioner's decision, not an ALJ's. We thus hold that section 3(b) of the Defense Base Act governs the jurisdictional issue here: The location of the deputy commissioner, now the district director, who handled Hice's claim determines the proper court to hear his appeal.

### III.

■ Interpreting the words "deputy commissioner" in the Defense Base Act to mean the district director does not resolve this case. We must also consider whether, notwithstanding section 3(b)'s vesting of jurisdiction in district courts, the 1972 amendments to the Longshore Act require that we transfer this case to the Fourth Circuit. Although the Director's brief argues that the Fourth Circuit is the proper forum for Hice's appeal, at oral argument he took what we believe to be a more sensible position: Relying on the Fourth Circuit's decision in *Lee v. Boeing*, 123 F.3d 801 (4th Cir.1997), the Director now urges us to transfer this case directly to the U.S. District Court with jurisdiction over Baltimore. Facing precisely the same issue presented here, the Fourth Circuit held that the unambiguous language of the Defense Base Act requires cases involving injuries occurring outside the United States to be heard by district courts, not by courts of appeals:

> Since section 3(b) of the DBA unambiguously provides that initial judicial review of Board decisions in DBA cases lies in the district court, "jurisprudential modification of its plain statutory language would amount to judicial legislation."

> We realize that our conclusion results in a somewhat cumbersome and duplicative review procedure in DBA cases and that Congress may not have made a conscious decision to create such a procedure. However, "it is not our function to correct Congressional oversight.... It is for Congress to eliminate any redundant steps insinuated by the 1972 amendments to the LHWCA." We must enforce section 3(b) according to its plain, unambiguous language. Accordingly, we conclude that we do not have jurisdiction to hear the instant appeal.

*Lee*, 123 F.3d at 806 (internal citations omitted) (ellipsis in original). The Fifth and Sixth Circuits have reached precisely the same result. *See AFIA/CIGNA Worldwide v. Felkner*, 930 F.2d 1111 (5th Cir.1991); *Home Indemnity Co. v. Stillwell*, 597 F.2d 87 (6th Cir.1979). While Congress's use of the phrase "in the United States court of appeals for the circuit in which the injury occurred" leaves us inclined to agree with the Fourth, Fifth, and Sixth Circuits, we need not decide that issue for ourselves. Because we have held that under the Defense Base Act the location of the district director—here, Baltimore—identifies the location of judicial review, *see* pp. 216–218 *supra,* and because the Fourth Circuit has plainly held that cases arising within its jurisdiction should be heard first by U.S. District Courts, we transfer this case to the U.S. District Court for the District of Maryland.

*So ordered.*