**Larry HICE, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, et al., Respondents.**

No. Civ. L–98–3318.

United States District Court, D. Maryland.

May 5, 1999.

Benjamin T. Boscolo, Chasen and Boscolo, Chartered, Greenbelt, MD, for Petitioner.

Roy D. Axelrod, Littler Mendelson, P.C., San Diego, CA, JoAnne Zawitoski, Baltimore, MD, for Respondents.

*MEMORANDUM*

LEGG, District Judge.

This matter is before the Court on appeal from the decision by the United States Department of Labor's Benefits Review Board ("BRB") affirming the denial

of worker's compensation benefits sought by the petitioner, Mr. Larry Hice ("Hice"). *See* BRB Nos. 96–0745 and 06–0745A (Dec. 16, 1996) (in Joint Appendix ("J.A.") at 11–15). Hice seeks compensation for a heart attack and stroke he suffered in October 1991 while working for a defense contractor in Australia.

The parties agree that Hice was covered by the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, as extended by the Defense Base Act, 42 U.S.C. § 1651 *et seq.*[1] In cases brought solely under the LHWCA, parties seek review of Benefit Review Board decisions in the courts of appeals. In cases governed by the Defense Base Act, however, review of Benefit Review Board decisions is sought in the district courts. *See Lee v. Boeing Co.*, 123 F.3d 801, 805 (4th Cir.1997).[2] After supplemental briefing on this jurisdictional issue, Hice's appeal was transferred to this Court by the D.C. Circuit for decision on the merits.[3] *See Hice v. Director, Office of Worker's Compensation Programs*, 156 F.3d 214, 218 (D.C.Cir.1998).

▮ Regardless of which court undertakes the task, the standard of review remains the same:

(1) whether the Board adhered to the applicable scope of review, (2) whether

the Board committed any errors of law, and (3) whether the ALJ's findings are supported by substantial evidence on the record as a whole.

*Crum v. General Adjustment Bureau*, 738 F.2d 474, 477 (D.C.Cir.1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newport News Shipbuilding & Dry Dock Co. v. Parker*, 935 F.2d 20, 22 (4th Cir.1991).

With this standard in mind, the Court will briefly review the facts of the case and then address Hice's claims of error. As explained herein, this Court finds that the record supports the ALJ's decision and shall, by separate Order, deny Hice's petition for relief.

## I. Factual Background

Hice, an electrical engineer, designed and maintained very low frequency ("VLF") transmitter systems for over 30 years.[4] When he suffered the allegedly compensable injury, Hice worked for Electrospace Systems, a defense contractor and subsidiary of the Chrylser Corporation. Hice has not been employed since 1992 and currently receives disability benefits from the Social Security Administra-

---

1. The Defense Base Act, passed in 1941, extended the coverage of the LHWCA to individuals working on military bases outside the United States.

2. This discrepancy results from Congress modifying the LHWCA in 1972 without a corresponding change to the Defense Base Act. Prior to 1972, all appeals from the initial decision of a "deputy commissioner" (the position now known as an administrative law judge ("ALJ")) were taken in the district courts. In 1972, Congress created the Benefits Review Board ("BRB"). The Board functions as an administrative appellate body, and parties must first exhaust this administrative remedy before seeking judicial review. At the same time, the LHWCA was amended to make BRB decisions directly reviewable in the courts of appeals, rather than the district courts. No such change, however, was made to the Defense Base Act, producing the cur-

rent, unsatisfactory split in judicial review procedures. *See Hice v. Director, Office of Workers' Compensation Programs*, 156 F.3d 214 (D.C.Cir.1998).

3. Hice has had a difficult time finding the appropriate court to hear his case. He initially filed this appeal in the Ninth Circuit, which transferred the case to the D.C. Circuit, where the ALJ who decided Hice's claim is located. The D.C. Circuit found that the case was properly within the jurisdiction of the Fourth Circuit, based on the location of the Department of Labor office with responsibility for Hice's claim, and transferred the case to this Court.

4. VLF systems are used to communicate with submarines at sea. (*See* J.A. at 35). The Navy operates a worldwide network of VLF stations.

tion and a long-term disability insurance policy. (*See* J.A. at 55).

Hice had a history of health problems prior to the injury at issue here. He suffered an initial heart attack in 1989. Hice also had diabetes and was a regular smoker for nearly all of his adult life. (*See* J.A. at 49–51). He had, however, been cleared to return to work following the 1989 heart attack and claimed not to have suffered any heart-related problems in the 18 months prior to October 1991.

Hice's duties with Electrospace centered around performing on-site assessments of VLF antennas worldwide. After spending several weeks preparing for the site visit, Hice and his co-workers would spend approximately 11 days actually inspecting and reviewing the operations of a particular VLF facility. Following the site visit, Hice would spend several more weeks preparing a report. After finishing the report, his team would being preparing for the next site visit. (*See* J.A. at 22–27).

In the fall of 1991, for the first time, Hice was assigned to conduct two consecutive field assessments without returning to the office. The first assessment was in Japan. Hice experienced some transportation difficulties during this assignment and was forced to carry his equipment, a laptop computer and a briefcase filled with reports and technical documentation, up and down several flights of steps. (*See* J.A. at 42–45) Hice claims to have felt tired after the work in Japan, but reported no chest pains. (*See* J.A. at 45).

In late September or early October, Hice's team traveled from Japan to the Harry E. Holt VLF facility in West Australia. After approximately one week on-site, on October 7, 1991, Hice began experiencing chest pains. He saw a doctor, received an EKG, and was released. (*See* J.A. at 47). Hice returned to the hospital on October 9, 1991, however, and was admitted for treatment of a possible heart attack. He remained in the hospital for several days for treatment. After his condition stabilized, he was released from the Australian hospital to return home. While en route back to the United States, Hice suffered a stroke in Sydney, Australia on October 19, 1991 and was hospitalized again. (*See* J.A. at 52).

It is undisputed that, while in Australia, Hice suffered a myocardial infarction or heart attack, which led to the stroke. Hice returned to work briefly in December 1991, but is now unable to resume employment. He continues to suffer some neurological impairment as a result of the stroke. (*See* J.A. at 56, 60).

Hice filed a claim under the Defense Base Act in the spring of 1992 seeking permanent total disability compensation and medical benefits. The ALJ, after an evidentiary hearing and supplemental briefing, denied Hice's claim on November 8, 1995. The basis of the denial was that Hice "failed to establish that his cardiovascular/cerebral vascular conditions arose out of his employment." (*See* J.A. at 9). That denial was affirmed by the BRB on December 19, 1996.

## II. Discussion

As initially noted, this Court's role is limited to determining whether either the BRB or ALJ committed any errors of law and whether the factual findings of the ALJ are supported by "substantial evidence in the record considered as a whole." *Newport News Shipbuilding, supra*, at 22. Hice raises two claims of error. First, he alleges that the ALJ improperly "relied on the opinion of the Employer's medical experts rather than the opinion of Mr. Hice's treating physician." (Brief for Appellant at 3). Second, he claims that the BRB erred "by failing to find that Mr. Hice's claim was compensable under the Aggravation Rule." (*Id.*). The Court will address each issue in turn.

### 1. Weight of Medical Expert Testimony

In LHWCA cases, an initial presumption exists that the injury is compensable. *See*

33 U.S.C. § 920(a). In the present case, ALJ Joel Williams found that the employer had rebutted this initial presumption, and proceeded to consider the evidence as a whole to determine whether the evidence supported a link between Hice's injury and his employment. (*See* J.A. at 8). Based on the entire record, Judge Williams determined that Hice had not sufficiently shown causation and denied his claim for benefits.

■ This Court finds that Judge Williams's decision is supported by the record. The sole medical evidence presented by Hice was a one-page letter from his treating physician to Hice's counsel stating:

> I feel it is unequivocally clear that Mr. Hice was working extraordinarily long hours and was under a great deal of pressure to produce while overseas in Australia in October 1991. The long hours and the pressure to work even harder precipitated his unstable anginal syndrome and subsequent myocardial infraction. For this reason, I feel that his myocardial infarction and the complication of embolic stroke from the myocardial infarction can be considered a job related injury, as they were a direct result of the long hours, inadequate rest and high pressure working situation in Australia.

(J.A. at 150).

In opposition, Electrospace presented the testimony of one medical expert and medical reports from an additional two experts stating that Hice's injury was not related to his employment. The essence of Electrospace's expert testimony was that Hice suffered from chronic cardiovascular disease and that he was likely to suffer a second heart attack regardless of his working conditions. (*See* J.A. at 106, 156, 173). The experts also denied that the stressful conditions described by Hice in Japan were likely to have produced the heart attack later suffered in Australia. (*See* J.A. at 122, 153).

In his ruling, Judge Williams found Hice's testimony as to the circumstances of his trip to Japan and Australia to be credible. He also found, nevertheless, that Dr. Akbari's opinion "was not supported by the relevant facts." (J.A. at 8). The record showed that Hice experienced unusual stress in Japan, but not in Australia. Furthermore, Judge Williams found that the lack of any symptoms of an impending heart attack while in Japan further undermined Dr. Akbari's conclusion that job-induced stress experienced by Hice in that country caused Hice's subsequent medical problems. (*See* J.A. at 9). Having found Electrospace's experts more persuasive than Dr. Akbari, Judge Williams found that Hice had failed to meet the requisite burden placed upon him and denied his claim for benefits.

■ Judge Williams's decision is fully supported by the record. While the opinions of treating physicians are entitled to the appropriate weight, they are not to be accepted automatically over other contradictory testimony. *See Amax Coal Co. v. Franklin,* 957 F.2d 355, 359 (7th Cir.1992). In the present circumstances, it was not error for Judge Williams to find that the opinions of Electrospace's experts deserved more weight than that of Dr. Akbari. Accordingly, the Court finds no error in the factual findings of the ALJ or the decision of the BRB affirming the denial of benefits with respect to the testimony of Dr. Akbari.

### 2. Aggravation Rule

■ Hice's second claim of error relates to the failure of the BRB to find that his injury was compensable under the aggravation rule. The aggravation rule holds that "an accidental injury is compensable if it aggravates, accelerates or combines with a previous infirmity." *Lambert's Point Docks, Inc. v. Harris,* 718 F.2d 644, 647 (4th Cir.1983). As such, the aggravation rule acts as an exception to the pre-existing injury bar to recovery. Judge Williams did not specifically address the

application of the aggravation rule to Hice's case, instead finding that Hice had failed to show causation.

The BRB found:

> that any error the administrative law judge may have made in this regard is harmless, because, as previously discussed, after weighing the evidence relevant to causation, the administrative law judge rejected Dr. Akbari's medical opinion, the only evidence of record sufficient to support of finding of causation under an aggravation theory. Moreover, he credited the opinion of Dr. Hughson, who unequivocally stated that "there was no acceleration of the natural progression of his coronary artery disease due to his claimed industrial stress."

(BRB Opinion at 4, J.A. at 14). This Court finds that the BRB's decision correctly applies the law, and, therefore, affirms the Board's decision that the ALJ did not misapply the aggravation rule. The expert testimony credited by the ALJ did not imply that Hice suffered from a pre-existing injury that was aggravated by work-related stress. Rather, the evidence, as found by Judge Williams, showed that Hice suffered from a chronic medical condition which would have recurred regardless of his working conditions. As such, causation is absent, and the aggravation rule would have no impact on the resolution of this case.

### III. Conclusion

For the reasons stated herein, the decision of the Benefits Review Board shall be, by separate Order, AFFIRMED.

### ORDER

For the reasons stated in a Memorandum of even date, the Court hereby orders that:

(i) the decision of the Benefits Review Board is AFFIRMED; and

(ii) the Clerk is directed to CLOSE THIS CASE.

IT IS SO ORDERED.