**Lois J. COHEN, Applicant,**

**v.**

**PRAGMA CORP., et al.,**
**Employer/Carrier**

**and**

**Director, Office of Workers'**
**Compensation Programs,**
**Party–in–Interest.**

**No. 04–269 (RJL).**

United States District Court,
District of Columbia.

Jan. 4, 2005.

---

John Carter Lynch, MacLeay, Lynch, Gregg & Lynch, PC, Washington, DC, for Plaintiffs.

Sidney Schupak, Ashcraft & Gerel, Washington, DC, for Defendants.

### MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Lois Cohen, the applicant in this proceeding, was employed by Pragma Corporation to work on a United States Economic Development Project in Almaty, Kazakhstan beginning in November 1997. Upon her return to Washington, D.C., Ms. Cohen was diagnosed with pulmonary fibrosis as a result of her exposure to a toxic environmental pollutant in Almaty, and she was hospitalized and treated in Washington, D.C. Amended Motion to Enforce ("Am.Mot.Enforce") at ¶ 6. Ms. Cohen became disabled for eight months and experienced numerous side effects as a result of her treatment. *Id.* ¶ 7. After Pragma and its insurance carrier refused to reimburse Ms. Cohen for her medical expenses, Ms. Cohen sought relief pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWC Act"). *Id.* ¶ 8–10. Despite an initial ruling denying benefits to Ms. Cohen, an Administrative Law Judge ("ALJ") considered a motion for modification and issued an opinion in Ms. Cohen's favor. *Id.* ¶ 10–12. Pragma sought a review by the Benefits Review Board ("BRB") pursuant to section 921(c) of the LHWC Act. *Id.* ¶ 16. The BRB affirmed the ALJ's decision. *Id.* ¶ 17. Now, before the Court are applicant's Motion to Enforce Final Administrative Award of the BRB and Employer/Carrier's Motion to Dismiss. Upon due consideration of the motions, the Court DENIES the defendant's Motion to Dismiss and GRANTS, IN PART, the plaintiff's motion for enforcement.

### DISCUSSION

■ Pragma argues that this Court lacks subject matter jurisdiction because under the Defense Base Act, Ms. Cohen must seek enforcement from the federal district court for the judicial district in which the District Director whose order is at issue is located. Mot. Dismiss at 4–6. Since the order upon which Ms. Cohen seeks relief was filed in the Office of the District Director for the Second Compensation District in New York, New York, Pragma contends this enforcement action falls within the jurisdiction of the federal district court in the Southern District of New York. *Id.* at 6.

■ In support of its position, Pragma relies on the D.C. Circuit's opinion in *Hice v. Director, Office of Workers' Compensation Programs,* 156 F.3d 214 (D.C.Cir. 1998). *Id.* at 5. But, the *Hice* decision is distinguishable. First, *Hice* involves an appeal of the BRB's decision; whereas here, Ms. Cohen has filed a motion to enforce a final order affirmed by the BRB, which was not appealed. Furthermore, in *Hice,* the applicant was seeking benefits for injuries that manifested themselves while he was working on a U.S. military base in Australia. *Hice,* 156 F.3d at 215. In this case, however, Ms. Cohen is seeking relief for injuries that arose after her return to the United States. While the Defense Base Act applies to workers' compensation benefits for injuries occurring outside of the United States, the provisions of the LHWC Act apply to injuries occurring within the United States. *Id.* 215–16. Thus, since the benefits award is for injuries that occurred after Ms. Cohen's re-

turn to the United States, the provisions of the LHWC Act apply and Ms. Cohen "may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred (or to the United States District Court for the District of Columbia if the injury occurred in the District)." 33 U.S.C. § 921(d). Since this is the judicial district in which the injuries occurred, this Court has jurisdiction to hear the enforcement action.

■ The Court's enforcement powers, however, are limited to determining whether the BRB's order was made and served in accordance with the law, and whether there has been a failure to comply with it. *Id.* Fortunately, the answers to those questions are clear.

The ALJ's March 5, 2003 decision and order,[1] which concluded that the claimant had established "a compensable amount of $153,918.56 through May 2000, plus any later medical expenses, including those related to the left hip replacement," Am. Mot. Enforce, Ex. A at 53, was appealed by Pragma for review by the BRB. When the BRB issued a decision on March 19, 2004, affirming the ALJ's decision, Pragma had 60 days within which to seek review of that decision. Because it did not, the order became final and is subject to enforcement under section 921(d). Accordingly, all of the jurisdictional requirements have been met to enforce this final order.

While there is no question that Ms. Cohen is entitled to recover the $153,918.56 awarded by the ALJ, a question remains, however, as to what additional amount Ms. Cohen is entitled. Indeed, defendants

---

1. The decision and order provided:
   (1) Claimant is entitled to compensation and medical expenses relating to her pulmonary fibrosis, right and left hip conditions, shingles (herpes zoster), ulnar nerve neuropathy, facial disfigurement ("moon face"), and dental tooth decay and disease; and (2) Claimant is entitled to temporary total disability (TTD) payable at the maximum rate for the following periods: June 6, 1998 to February 1, 1999; March 3, 2000 to March 21, 2000; and October 27, 2000 to June 1, 2001.
   Am. Mot. Enforce, Ex. A at 54.

have not, as yet, raised any specific objections to the itemized calculations provided in Exhibit D. The Court will give the defendants 21 days from the date of this order within which to challenge, with accompanying documentation, any of those itemized expenses. If no challenge is made, the Court will treat the itemized statement as conceded and will award the total itemized amount as is.

### ORDER

For the reasons set forth above, it is this 4th day of January, 2005, hereby

**ORDERED** that the Motion to Dismiss [# 10] is **DENIED**, and it is further

**ORDERED** that plaintiff's Motion to Enforce [# 3] is **GRANTED IN PART**, and it is further

**ORDERED** that judgment be entered against Pragma and Cigna, jointly and severally, in the amount of $153,918.56. This amount is to be paid to the plaintiff within 10 days of this order, and it is further

**ORDERED** that Ms. Cohen is authorized to register a certified copy of this Order in other United States District Courts for the purpose of enforcement, and it is further

**ORDERED** that defendants have 21 days from the date of this Order to show cause, with supporting documentation, why any calculations contained in Exhibit D to Ms. Cohen's Motion for Enforcement relating to medical expenses, pre-judgment interest, or post-judgment interest are either inaccurate, inappropriate, or both. If the defendants fail to put forth any objections to Ms. Cohen's calculations, the Court will consider Exhibit D conceded and will enter judgment in favor of the plaintiff for the amount contained therein. If, however, the defendants do file objections with this Court, Ms. Cohen will have

10 days from the date of defendants' response to file her reply.

**SO ORDERED.**