**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLOBAL LINGUIST SOLUTIONS, LLC; ZURICH AMERICAN INSURANCE COMPANY, *Petitioners*, | No. 17-72516 BRB No. 17-0001 |
| v. | |
| ABDULRAOUF ABDELMEGED; U.S. DEPARTMENT OF LABOR, *Respondents*. | OPINION |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted December 20, 2018
San Francisco, California

Filed January 16, 2019

Before:  Ronald M. Gould and Marsha S. Berzon, Circuit
Judges, and Rosemary Márquez,[*] District Judge.

Opinion by Judge Gould

---

[*] The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

## SUMMARY[**]

### Defense Base Act

The panel denied a petition for review brought by an employer, and its insurer, challenging a decision by the Benefits Review Board concluding that a linguist who supported the military in Iraq was entitled to workers' compensation under the Defense Base Act.

The panel held that petitions for review of compensation orders arising under the Defense Base Act should be filed in the circuit where the relevant district director is located. *See* 42 U.S.C. § 1653(b); 20 C.F.R. § 702.105.

The panel held that substantial evidence supported the administrative law judge's determination that beginning in November 2009, the claimant met both the "medical" and the "economic" aspect of "disability" as defined by the statute. The panel also held that the ALJ applied the correct legal standard when considering the evidence in this case. The panel concluded that the ALJ correctly concluded that the claimant met his burden to show that he was disabled.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Kelly F. Walsh (argued), Brown Sims, New Orleans, Louisiana, for Petitioners.

Lara D. Merrigan (argued), Merrigan Legal, San Rafael, California; John S. Evangelisti, Denver, Colorado; for Respondent.

**OPINION**

GOULD, Circuit Judge:

Petitioner Global Linguist Solutions employed Respondent Abdulraouf Abdelmeged as a linguist in Iraq, supporting the American military, for two years. Almost two years after he returned, Abdelmeged filed a workers' compensation claim under the Defense Base Act, 42 U.S.C. § 1651, alleging among other things that PTSD caused by his work in Iraq rendered him incapable of earning his former wages. After two separate hearings before an Administrative Law Judge ("ALJ"), the Benefits Review Board agreed that Abdelmeged could not work because of his psychiatric condition that developed from or was aggravated by employment in Iraq, and concluded that Abdelmeged was entitled to compensation from the date he returned from Iraq. Global Linguist Solutions and its insurer, Zurich American Insurance Company, petitioned for review. We deny the petition.

1. In *Pearce v. Director, Office of Workers' Compensation Programs*, 603 F.2d 763 (9th Cir. 1979), we determined that petitions for review of compensation orders arising under the Defense Base Act are to be filed directly in

the Court of Appeals.  *Id.* at 765–71; *see also Serv. Emps. Int'l Union v. v. Dir., Office of Workers' Comp. Programs*, 595 F.3d 447, 452 (2d Cir. 2010) (noting circuit split as to whether petitions seeking review under the Defense Base Act should be filed initially in district courts or circuit courts).

But we have not previously firmly resolved whether petitions for review of compensation orders arising under the Defense Base Act should be filed in the circuit where the relevant district director is located, or in the circuit where the ALJ's office is located.  *See* 33 U.S.C. § 921(c); 42 U.S.C. § 1653(b); *Pearce*, 603 F.2d at 765–71; *Hice v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 156 F.3d 214, 215–16 (D.C. Cir. 1998).  Despite a dictum in *Pearce* to the contrary,[1] we now hold that the location of the district director should control.

The text of 42 U.S.C. § 1653(b) is quite clear: judicial proceedings should occur in the location of "the office of the

---

[1] *Pearce* held that petitions for review of workers' compensation orders under the Defense Base Act should be filed in the circuit courts, rather than the district courts.  In discussing its reasoning, it noted that:

> We do not think that the substitution of an administrative law judge for the deputy commissioner, when there is a hearing, makes any difference.  The [provision] should now be treated as reading "wherein is located the office of the deputy commissioner or the administrative law judge whose compensation order is involved."

603 F.2d at 770–71.  But the order at issue in *Pearce* was an order of a deputy commissioner, and not an administrative law judge.  Thus, that statement was a non-binding dictum.  *See Miranda B v. Kitzhaber*, 328 F.3d 1181, 1186 (9th Cir. 2003).

deputy commissioner"—an alternative title for a district director, 20 C.F.R. § 702.105—"whose compensation order" is at issue. 42 U.S.C. § 1653(b); *see also Hice*, 156 F.3d at 215–16. This rule is also practical. The district directors maintain primary responsibility for workers' compensation claims and are assigned to claims based on where the claimant lives. ALJs, by contrast, are assigned randomly and may travel across the country from other office locations for hearings, as occurred in this case. Finally, we so hold to avoid an unnecessary circuit split. The only other circuit to have squarely addressed this discrepancy likewise held that appeals should be filed in the location of the district director. *Hice*, 156 F.3d at 215–16.

2. Substantial evidence supports the ALJ's determination that beginning in November 2009, Abdelmeged met both the "medical" and the "economic" aspect of "disability" as defined by the statute. *See* 33 U.S.C. § 902(10); *Stevens v. Dir., Office Workers' Comp. Programs*, 909 F.2d 1256, 1258–59 (9th Cir. 1990), *as amended* (Aug. 7, 1990). That evidence includes Abdelmeged's credible testimony, the opinion of his treating psychiatrist, and his demonstrated inability to earn his former wages upon his return from Iraq. Although other evidence in the record might adequately support a different conclusion, that evidence does not negate or nullify the substantial evidence supporting the ALJ's conclusion. *See Gen. Constr. Co. v. Castro*, 401 F.3d 963, 965 (9th Cir. 2005).

The ALJ reasonably relied on the opinion of the treating psychiatrist, Dr. Pock. Dr. Pock was qualified to express an opinion about how Abdelmeged's condition affected him in the past; Dr. Pock's opinion was supported by Abdelmeged's credible testimony. And the evidence that

Dr. Pock did not consider, including Abdelmeged's previous medical records and request for unemployment benefits, did not necessarily conflict with Dr. Pock's opinion.

The ALJ applied the correct legal standard when considering the evidence in this case. *See Dir., Office of Workers' Comp. Programs, Dep't of Labor v. Greenwich Collieries*, 512 U.S. 267, 276 (1994). For the reasons discussed above, substantial evidence supports the ALJ's finding that the evidence weighed in Abdelmeged's favor. We hold that the ALJ correctly concluded that Abdelmeged met his burden to show that he was disabled.

**PETITION FOR REVIEW DENIED.**