NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT E. HORTON,<br><br>                    Petitioner,<br><br>    v.<br><br>DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS; SPECIALTY FINISHES, LLC; SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD.,<br><br>                    Respondents. | No. 24-5011<br><br>Agency Nos. 23-0109, 23-0443<br><br>Benefits Review Board<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted February 3, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

In 2013, Scott E. Horton suffered a disabling back injury for which he

received benefits under the Longshore Harbor Workers' Compensation Act. After

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Horton found a new job, his benefits were terminated. An Administrative Law Judge ("ALJ") denied his modification petition, and the Benefits Review Board ("BRB") affirmed. Horton now petitions for review of the BRB order declining to modify the termination of benefits and the BRB's attorney fee award for his original benefits claim.

We have jurisdiction under 33 U.S.C. § 921(c). We grant the petition in part as to the fee award and otherwise deny it.

1.    Substantial evidence supports the ALJ's conclusion that Horton's prior earnings "reasonably represent" his average weekly wage ("AWW"). *See* 33 U.S.C. § 910(c). An ALJ may rely on data that is "far from perfect" if it "represent[s] the best estimate" of a claimant's AWW. *See Rhine v. Stevedoring Servs. of Am.*, 596 F.3d 1161, 1165 (9th Cir. 2010).

We previously held that the ALJ "had discretion to determine that Horton's yearly earnings from his prior employment were the best estimate of his future earning capacity, given the uncertainty as to the hours he would have worked had he not been injured." *Horton v. Specialty Finishes, LLC*, 770 F. App'x 889, 890 (9th Cir. 2019) (cleaned up). Horton acknowledged the varied workflow and regular unemployment in the industry and testified that he would have performed whatever role he was assigned.

2.    Substantial evidence also supports the ALJ's determination that

Horton's hospital laundry room job "fairly and reasonably" represents his earning capacity. 33 U.S.C. § 908(h). Post-injury work that is "continuous and stable" is "more likely to reasonably and fairly represent a claimant's wage-earning capacity." *Long v. Dir., Off. of Workers' Comp. Programs*, 767 F.2d 1578, 1582 (9th Cir. 1985).

A claimant with stable work can establish disability through "credible complaints of severe, persistent, and prolonged pain" that "significantly interferes" with his ability to work. *Jordan v. SSA Terminals, LLC*, 973 F.3d 930, 936-38 (9th Cir. 2020). But substantial evidence supports the ALJ's holding that Horton's pain does not significantly interfere with his work. Horton testified that he never lifts more than twenty pounds, never handles wet laundry, lifts mostly waist to shoulder, and stretches to alleviate discomfort. The ALJ recognized that standing for over nine hours caused Horton pain and that he reclined in his car on his lunch break to recover. Nonetheless, the ALJ emphasized that Horton's back remained "stable" during almost four years of working full-time in the role.[1] Horton had not taken time off

---

[1] Horton argues that the ALJ erroneously failed to credit his testimony that his back was worsening. But even if Horton's testimony "might adequately support a different conclusion, that evidence does not negate or nullify the substantial evidence supporting the ALJ's conclusion." *Glob. Linguist Sols., LLC v. Abdelmeged*, 913 F.3d 921, 923 (9th Cir. 2019).

due to pain since starting acupuncture and did not require extra breaks or assistance.[2]

3.  Horton's successful prosecution of his original benefits claim entitles his attorney, Charles Robinowitz, to a reasonable fee. 33 U.S.C. § 928. Longshore Act awards are based on rates charged for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1076 (9th Cir. 2021) (cleaned up). In calculating Robinowitz's rate, the ALJ used 75th percentile rates for three practice areas— plaintiff civil litigation, plaintiff personal injury litigation, and general practice— and rates for lawyers with over 30 years of experience. He did not use the Morones Survey commercial litigation rates. We review the BRB's fee award for abuse of discretion. *See Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1052 (9th Cir. 2009).

a.  The BRB did not abuse its discretion in affirming the ALJ's decision to place Robinowitz in the 75th percentile. Absent improper motive, this is a "judgment call that the ALJ could reasonably have resolved either way." *Seachris*, 994 F.3d at 1080; *see also Nelson v. ICTSI Or., Inc.*, 743 F. App'x 120, 121 (9th Cir. 2018)

---

[2]  The People's Injury Network Northwest reports and a vocational expert's opinion do not compel a different result. The ALJ found Horton's "firsthand testimony" more persuasive than the outdated reports and the expert's "secondhand characterizations" of his job duties and pain. It was "the ALJ's prerogative, as finder of fact, to credit one witness's testimony over that of another." *Duhagon v. Metro. Stevedore Co.*, 169 F.3d 615, 618 (9th Cir. 1999).

(affirming placement of Robinowitz in 75th percentile).

b.      The BRB erred in affirming the ALJ's exclusion of commercial litigation rates. The ALJ opined that the Morones Survey "likely includes class actions, shareholder derivative suits, complex contractual disputes," and "complex multi-claim disputes between two corporate entities in lengthy Federal court jury trials using the Rules of Evidence." He thus improperly "conflated commercial litigation and complex litigation" and arbitrarily excluded commercial litigation. *See Seachris*, 994 F.3d at 1079-80. The BRB affirmed with a cursory explanation that the ALJ "did not err in calculating counsel's hourly rate." This is not a "clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

c.      The BRB also erred in affirming the ALJ's use of general practice rates. In *Seachris*, we explained that general practice rates should not apply to specialists. 994 F.3d at 1082. The ALJ used the general practice rate without determining whether Robinowitz was a specialist or a generalist.[3] We have also cautioned against an "ALJ's decision to exclude commercial litigation as a comparator while including general practice." *Id.* The BRB did not discuss general practice, noting only that the

---

[3]      Contrary to Robinowitz's assertions, he should not automatically be considered a specialist because *Seachris* said so. This determination must be based on the record in each fee petition. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (explaining that a fee applicant has the burden to establish the market rate).

ALJ "did not err in calculating counsel's hourly rate and did not rely on incorrect OBS evidence." [4] Thus, neither the ALJ nor the BRB adequately justified the award. *See Christensen*, 557 F.3d at 1055.

d.       The BRB did not err in affirming the ALJ's consideration of prior fee awards. "Exclusive reliance" on prior Longshore fee awards is an improper method of calculating hourly rates. *Van Skike v. Dir., Off. of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009). If a fee applicant fails to carry his burden to produce market rate evidence, however, this "may justify" considering prior awards. *Id.* at 1047.

Because the ALJ determined that Robinowitz met his burden of production, he did not need to consider prior awards. *See id.*; *Christensen*, 557 F.3d at 1055. The fact that he exercised his discretion to round up the rate based on some prior awards does not entitle Robinowitz to a higher rate based on other awards. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (explaining that a tribunal "may use estimates" when calculating attorney's fees).

---

[4]       The ALJ and the BRB called this category "General Litigation," but the survey upon which they relied has no such category. Instead, it lists "General (no area over 50%)." *See* Portland State Univ. Surv. Rsch. Lab, Oregon State Bar 2017 Economic Survey: Report of Findings 42 (2017), https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf [https://perma.cc/GMY4-HEBB].

4. The BRB did not abuse its discretion in declining to award additional enhancement for delay. The ALJ had already adjusted Robinowitz's rate for inflation through 2021. An additional "two-year delay . . . is not so egregious or extraordinary as to require a delay enhancement." *Christensen*, 557 F.3d at 1056; *see also Hardman v. Marine Terminals Corp.*, 758 F. App'x 586, 588 (9th Cir. 2018) (declining to adjust Robinowitz's rates to 2016 after rates were already adjusted to 2014). Moreover, the BRB emphasized that the delay was caused by appeals of the fee award. *See Anderson v. Dir., Off. of Workers' Comp. Programs*, 91 F.3d 1322, 1325 n.3 (9th Cir. 1996) (noting that attorneys "cannot recover for delay due to appeals of the fee award" alone).

5. The BRB did not abuse its discretion in affirming the ALJ's travel time award. The relevant trips took half the time claimed with typical traffic, and Robinowitz stated that one of the trips took half the time on a different day. We grant "considerable deference" to the agency's conclusion that the requested hours were "excessive, redundant, or otherwise unnecessary." *See Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007) (cleaned up).

6. We grant the petition for review only as to the hourly rate calculation and remand for further proceedings. We otherwise deny the petition.

**PETITION DENIED IN PART and GRANTED IN PART. Each party is to bear its own costs.**